**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ALDRAIN JERAY BOOKER**                                                                                   **PETITIONER**

**VS.**                                  **CASE NO. 2:10CV00100 JMM/HDY**

**T.C. OUTLAW, WARDEN,**                                                                                   **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District

>   Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Aldrain Jeray Booker, an inmate in federal custody, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges he is entitled to credit for time served and that the respondent has wrongly denied his request to be awarded this credit. The respondent concedes that the petitioner has exhausted his administrative remedies.

The pertinent dates are not in dispute.

| | |
|---|---|
| February 25, 2008 | Petitioner is arrested in Jefferson County, Texas for theft and violation of probation. |
| February 28, 2008 | Petitioner is transferred into custody of the United States Marshal and charged in United States District Court for the Eastern District of Texas with conspiracy to commit carjacking. |
| October 20, 2008 | Petitioner is sentenced in state court for violating the conditions of |

|  |  |
|---|---|
|  | probation. He is given a term of 9 months and credited for time spent in custody on July 16, 2004, and from February 25, 2008 to October 20, 2008[1]. |
| January 27, 2009 | Petitioner is sentenced in federal court to 36 months for conspiracy to commit carjacking. |
| April 27, 2009 | Petitioner is committed to the custody of the Bureau of Prisons (BOP) to serve the 36 month sentence. The BOP calculated the 36 month sentence to commence on January 27, 2009, the date of sentencing. The BOP also calculated that the petitioner would have completed the 9 month state sentence on November 22, 2008. As a result, the BOP credited the petitioner for time served from November 24, 2008, up to January 26, 2009, the day before he was sentenced in federal court. The BOP projects the petitioner's release date as July 6, 2011. See Attachment 7 to docket entry no. 16. |

Mr. Booker, for his sole claim for relief, urges that he is entitled to nine months credit for the period from February 28, 2008, through March 20, 2009. He cites *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002) and 18 U.S.C. § 3584(a) as supporting his request. Neither the cited case nor the statute compel the result sought by Mr. Booker. Mr. Booker does not specify how the *Weekes* case is applicable to his factual scenario, and our review of the case persuades us that it does not assist Mr. Booker in obtaining relief. Unlike the petitioner in the *Weekes* case, Mr. Booker did not

---

[1] Petitioner was given credit for roughly eight months of time served toward his state court sentence of nine months.

have his federal sentence interrupted by being returned to state custody.  Here, Mr. Booker served his state sentence prior to being sentenced and commencing his federal sentence.  Similarly, Mr. Booker cites but does not explain how 18 U.S.C. § 3584(a) supports his claim.  The pertinent language of the statute reads: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  This language does not advance the petitioner's argument.  When sentenced in federal court, there was no mention of concurrent sentences.  Thus, to the extent that any sentences were still to be served, the statute directed that the  terms would be served consecutively.

In addition, the petitioner does not explain why he is entitled to nine months credit for a period (from February 28, 2008, through March 20, 2009) that is approximately thirteen months in duration.  A review of the records shows the petitioner was incarcerated in Texas detention facilities (primarily the Jefferson County Jail) from February 28, 2008, through January 30, 2009, then returned to the Jefferson County Jail on March 20, 2009.  It appears from the notations that he was designated for federal transfer on this date, and actually sent to the BOP on April 15, 2009.  See Attachment 2 to docket entry no. 16.  These records do not account for Mr. Booker's place of incarceration from January 30, 2009 to March 20, 2009.  The records further show that the petitioner's federal sentence commenced on January 27, 2009, and he was credited for the time from November 24, 2008, through January 26, 2009.  See Attachment 7 to docket entry no. 16.  In summary, he seeks credit for the time from February 28, 2008, through March 20, 2009.  He was in state custody for most of this time, and for the time from February 28, 2008, through November 22, 2008, he was serving his state sentence.  The time in custody from November 24, 2008, forward has been applied toward his federal sentence.  There is no error in the calculation which credited

Booker for time served toward his federal sentence as soon as he completed his state sentence, in November of 2008.

A review of the decisions rendered during the administrative process shows that despite some confusion on the dates on which the petitioner ended his state sentence and started his federal sentence,[2] the BOP applied the correct principle in denying Mr. Booker's request to be credited for the nine month period during which he was still serving his state sentence. After he served his state sentence, he was credited for time served until he commenced his federal sentence. He establishes no reason for crediting him with time served prior to the expiration of the state sentence. Nor does he provide a reason for crediting him with any time served after the expiration of the state sentence, as this time has already been applied to his federal sentence.

In summary, Mr. Booker has not shown any constitutional violation in the manner in which the prison officials have calculated his sentence, nor has he shown that other rules or statutes should have governed the decision. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this __16__ day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The local federal prison officials, in denying the request for credit, apparently viewed the state sentence as ending on October 20, 2008, rather than November 22, 2008. See Petition, page 8. This confusion appears to relate to the computation of the 9 month state sentence, which the BOP computed to have concluded on November 22, 2008.